IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-HC-2185-D

| | | |
|---|---|---|
| DANIEL DAWSON CARTWRIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TRACY W. JOHNS, | ) | |
| | ) | |
| Respondent. | ) | |

On September 14, 2011, Daniel Dawson Cartwright ("Cartwright" or "petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. On April 18, 2012, the court reviewed the petition pursuant to 28 U.S.C. § 2243 and allowed it to proceed [D.E. 3]. On April 30, 2012, respondent filed a motion to dismiss for lack of jurisdiction, or in the alternative, for summary judgment [D.E. 6], along with a supporting memorandum, the declaration of Cornelia J. Coll, a Paralegal Specialist for the Bureau of Prisons ("BOP") at the Federal Correctional Complex in Butner, North Carolina ("Butner"), and several exhibits [D.E. 7–8]. Because respondent attached materials that are outside the scope of the pleadings, the court construes the motion as a request for summary judgment. See Fed. R. Civ. P. 12(d). Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Cartwright about the motion, the consequences of failing to respond, and the response deadline [D.E. 9]. Cartwright did not respond, and the time within which to do so has expired. As explained below, the court grants the motion for summary judgment.

On July 7, 2011, in the Eastern District of North Carolina, Cartwright was sentenced to a term of imprisonment of 18 months for bank fraud. Pet. [D.E. 1] 1; Coll Decl. [D.E. 8] ¶ 4.

Cartwright's projected date of release from imprisonment is September 22, 2012. See BOP Inmate Locator, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch& needingMoreList=false&IDType=IRN&IDNumber=21132-056 (last visited June 28, 2012). Cartwright filed this petition seeking to serve the final twelve months "or the balance of his term of imprisonment" in a residential re-entry center ("RRC"). Mem. Supp. Pet. [D.E. 1-1] 2–11. He contends that the BOP has violated the Second Chance Act of 2007 by refusing to consider him for RRC placement. Id.

On April 26, 2012, Cartwright was transferred from BOP custody at Butner to Bannum Place, an RRC in North Carolina, where he is currently serving the remainder of his sentence. Coll Decl. ¶ 5; see BOP Inmate Locator, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=ID Search&needingMoreList=false& IDType=IRN&IDNumber=21132-056 (last visited June 28, 2012) (indicating transfer to "RALEIGH CCM").[1]

In considering the motion for summary judgment, the court views the evidence in the light most favorable to plaintiff and applies well-established principles under Rule 56 of the Federal Rules of Civil Procedure. See, e.g., Fed. R. Civ. P. 56; Scott v. Harris, 550 U.S. 372, 378 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 325–26 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–55 (1986); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585–87 (1986). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson, 477 U.S. at 247–48. The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex

---

[1] Cartwright has failed to inform the court of his address, as required by Local Civil Rule 83.3. The court cautions Cartwright to comply with the local rules of this court.

Corp., 477 U.S. at 325. Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact for trial. See Matsushita, 475 U.S. at 587. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249. In evaluating affidavits submitted in support of or in opposition to a motion for summary judgment, the court may reject inadmissible evidence (such as hearsay) described in such affidavits. See Fed. R. Civ. P. 56(c); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996).

Respondent asserts that Cartwright's RRC placement renders his habeas petition moot. Mem. Supp. Pet. 3–4. The court agrees. See, e.g., Demis v. Sniezek, 558 F.3d 508, 513 (6th Cir. 2009); Miller v. Whitehead, 527 F.3d 752, 756 (8th Cir. 2008); Muniz v. Sabol, 517 F.3d 29, 34 (1st Cir. 2008); McKinney-Bey v. Hawk-Sawyer, 69 F. App'x 113, 113 (4th Cir. 2003) (per curiam) (unpublished).

In sum, the court GRANTS respondent's motion to dismiss or for summary judgment [D.E. 6] and DISMISSES petitioner's application for a writ of habeas corpus as moot. The court DENIES a certificate of appealability and DIRECTS the Clerk of Court to close the case.

SO ORDERED. This 29 day of June 2012.

JAMES C. DEVER III
Chief United States District Judge

3

Case 5:11-hc-02185-D   Document 10   Filed 06/29/12   Page 3 of 3